<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRI-STATE HARDWARE, INC., : | |
| : | |
| Plaintiff, : | |
| : | Civ. No. 09-1753 (JBS) |
| v. : | |
| : | **OPINION AND ORDER** |
| HUNT CONSTRUCTION GROUP, LLC, : | |
| et al.; : | |
| : | |
| Defendants. : | |

<u>**BROWN, Chief District Judge**</u>

This matter having come before the Court upon the motion of the defendant Hunt Construction Group, LLC ("Hunt") to transfer this case to the Trenton Vicinage (Docket Entry No. 9); and the Court having noted that the plaintiff Tri-State Hardware, Inc. ("Plaintiff") did not file opposition to this motion; and the Court having decided the matter pursuant to Local Civil Rule 40.1(a), (c), (e), which establishes that the "reallocation or reassignment of any case, shall be upon the order of the Chief Judge" and that the factors to be considered in allocating a civil case shall include "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose," in addition to the efficiency of the administration of justice; and the Court noting that the present case has been assigned to United States District Judge Jerome B. Simandle in the Camden vicinage since its inception; and the Court noting that this action was removed to the district court on April 13, 2009; and that the action was specifically removed to the Camden vicinage because at that time, the action had been filed in the New Jersey Superior Court, Law Division, Camden County; and Hunt arguing that venue is proper in the Trenton vicinage

because "the construction project giving rise to this action was located in Long Branch, Monmouth County," "Hunt previously maintained an office in Princeton, Mercer County and now maintains as [sic] office in Jamesburg, Middlesex County," and that while Plaintiff "has an office in Camden County . . . the plaintiff's residence is not an element to be considered when determining the proper venue of an action under Local Civil Rule 40.1(a)" (Docket Entry No. 9-2); and the Court having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78; and the Court having concluded in its discretion that this case should be transferred because Plaintiff has not opposed the motion and the factors listed in the Local Rule all weigh in favor of transfer; and for good cause shown;

IT IS THIS 12th day of November, 2009, hereby

ORDERED that Defendants' motion to transfer vicinage to Trenton (Docket Entry No. 9) is GRANTED.

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.